DA 10-0153

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 218N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

ROBERT LOUIS LAMERE, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 02-203(c)
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Garrett R. Norcott, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General; Helena, Montana

          John Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  September 29, 2010

Decided:  October 20, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Louis Lamere, Jr., appeals from the order of the Eighth Judicial District Court, Cascade County, revoking his suspended sentence and resentencing him for the offense of felony assault with a weapon. He challenges the District Court's denial of his motion to dismiss the revocation proceeding on due process grounds.

¶3 Lamere was convicted of aggravated assault and assault with a weapon after jury trial and was sentenced in January 2004. Lamere appealed and, in May 2005, this Court reversed his convictions and remanded the matter to the district court. *State v. Lamere,* 2005 MT 118, 327 Mont. 115, 112 P.3d 1005. After remand, the parties reached a plea agreement whereby Lamere agreed to plead guilty to assault with a weapon, for which he was sentenced on May 23, 2006, to a 20-year commitment to the Department of Corrections, with 15 years suspended. He completed the non-suspended portion of his sentence and was transferred to probation status in February 2008.

¶4 In January 2009, Lamere was arrested on the charge of sexual intercourse without consent, as well as other probation violations. Bail for the sexual intercourse without

2

consent charge was initially set at $50,000, but was ultimately reduced to $5,000 on July 15, 2009. On July 16, Lamere's probation and parole officer submitted a Report of Violation regarding Lamere's probation violations and on July 21 the State filed a petition to revoke his suspended sentence. A $10,000 bail was set and Lamere was served with an arrest warrant on the petition while incarcerated. The State and Lamere stipulated that Lamere's bail for the two proceedings would run concurrently. On September 9, 2009, Lamere posted bond and was released.

¶5 Lamere filed a motion to dismiss the revocation petition, arguing that the State's delay in submitting a probation violation report and filing a revocation petition had violated his state and federal due process rights. The District Court conducted a hearing on the motion at which testimony was offered. The District Court denied the motion, concluding that even though "[i]t may have been more than a coincidence that this [revocation] petition was actually filed after a substantial reduction in bail" in the pending criminal case, the bail was ordered to run concurrently in both cases, bail was not oppressive, Lamere obtained release, and he was not prejudiced by the State's actions. On appeal, Lamere likewise challenges the State's action on due process grounds, arguing that the State took advantage of his indigence, deprived him of the opportunity to be with family or in another placement, and violated rehabilitative policies.

¶6 We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which

provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that there is sufficient evidence to support the District Court's findings, the District Court correctly applied settled Montana law, and there was clearly no abuse of discretion by the District Court.

¶7  Affirmed.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

4